# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ISRAEL MOSES JONES,     )
           )
     Petitioner,    )
           )
v.           )       CV420-191
           )
WARDEN BRAD HOOKS,    )
           )
     Respondent.   )

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, an inmate at Georgia State Prison, brings this 28 U.S.C. § 2254 case raising four grounds for relief all stemming from alleged ineffective assistance of trial and appellate counsel.[1]  Doc. 1.  Respondent has filed an Answer, doc. 8, to which petitioner has provided a Reply, doc. 12.  Since petitioner has filed his reply, his motion for extension of time to

---

[1] The Court notes an inconsistency in the presentation of the grounds for relief in the petition.  Petitioner lists four grounds on the § 2254 petition from.  *See* doc. 1 at 5–11.  He also includes an additional page captioned "Petitioner Five Grounds for his Writ of Habeas Corpus," which lists five distinct grounds for habeas relief.  *Id*. at 12.  There is considerable redundancy and overlap between the grounds included in the form and those included in the additional page.  In his Answer, respondent construes the petition as raising the only four grounds included in the petition form.  *See* doc. 8-1.  Petitioner's reply does not contest this interpretation nor assert that it overlooks any proffered ground for relief.  *See* doc. 12.  Therefore, based on petitioner's lack of objection or clarification, the Court understands petitioner's asserted grounds for relief to be only the ineffective assistance of counsel arguments listed on the petition form, with facts supplemented by the additional filings.

do so is **DISMISSED** as moot.  Doc. 10.  For the following reasons, the petition should be **DENIED**.

## BACKGROUND

Plaintiff was convicted of armed robbery,[2] burglary,[3] and impersonating a police officer in February 2011.[4]  Doc. 1 at 1.  The charges stem from the robbery of a grocery store in which one of the perpetrators was dressed as a police officer.  *Jones v. State*, 320 Ga. App. 681, 682 (Ga. Ct. App. 2013).  During the investigation of the crime, police obtained a warrant to search the residence of Shamira Hamilton, the girlfriend of petitioner's co-defendant.  *Id*. at 683.  In the residence, the police found petitioner's torn social security card in a hallway, a neck chain similar to that used with a badge holder, and an open duffle bag, which contained a plastic bag for a badge holder and a copy of Quartermaster magazine addressed to petitioner.  *Id*.  During trial, petitioner sought to suppress this evidence; however, the motion was denied based on his lack of standing to challenge the search of the residence.

---

[2] O.C.G.A.§ 16-8-41.

[3] O.C.G.A. § 16-7-1.

[4] O.C.G.A. § 16-10-23.

Following the denial of his motion for a new trial, petitioner appealed his conviction, arguing that (1) the trial court erred in denying his motion to suppress an eyewitness identification based on a photographic lineup; (2) the trial court erred in denying his motion to suppress evidence obtained during the execution of a search warrant for Shamira Hamilton's residence; (3) the trial court erred in refusing to admit evidence that would have supported his defense of mistaken identity; and (4) the evidence was insufficient to sustain a conviction for armed robbery. *Jones v. State of Georgia*, 320 Ga. App. at 681.  The appeal was denied and his conviction was affirmed. *Id*. at 689.

Petitioner filed a state habeas petition in January 2014 in which he alleged that his conviction and appeal were tainted by (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) the illegality of the search of Hamilton's residence; (4) an improper jury charge; and (5) the use of bolstered testimony. *See* doc. 9-1. Following a hearing, the state habeas court denied the petition. *See* doc. 9-2.  On appeal, the Georgia Supreme Court remanded the case back to the habeas court to provide supplemental findings of fact and conclusions of law. *See* doc. 9-3.  The habeas court conducted a second hearing and again denied

the petition.  *See* doc. 9-4.  The petitioner again appealed the denial, but the Georgia Supreme Court denied the application for certification of probable cause.  *See* doc. 9-5.

During the pendency of plaintiff's state habeas action, he filed two § 2254 habeas petitions.  *Jones v. Caldwell*, CV4:18-024 (S.D. Ga. Jan. 29, 2018); *Jones v. Bobbit*, CV4:19-339 (S.D. Ga. Dec. 18, 2019).  Both were dismissed without prejudice for failure to exhaust all available state remedies.  *Jones v. Caldwell*, CV4:18-024, doc. 8 (S.D. Ga. Apr. 9, 2018); *Jones v. Bobbit*, CV4:19-339, doc. 4 (S.D. Ga. Dec. 21, 2020).  Following the final disposition of his state habeas case, petitioner filed this action.

## DISCUSSION

### I. Motion to Remand

Petitioner has filed a motion seeking to have this case remanded to state court for a finding of facts and conclusions of law as it relates to his motion to suppress evidence.  Doc. 7.  He argues that remand is appropriate because the "record is devoid and absent of the [state] court's ruling and decision on petitioner's motion to suppress evidence . . . that was argued at the suppression hearing and by brief."  *Id*.  During the pendency of petitioner's state habeas action, the Georgia Supreme Court

remanded the petition for a similar reason.  *See* doc. 9-3.  The federal courts are distinct from their state counterparts and this § 2254 is a separate litigation from his state habeas petition, not an appeal.  This Court cannot direct a state court to explain or supplement its prior merits determination.  Therefore, remand is neither appropriate nor possible.  The motion is **DENIED**.[5]  Doc. 7.

## II. Failure to Disclose Prior Federal Habeas Cases

Petitioner filed two other § 2254 petitions prior to this case.  *Jones v. Caldwell*, CV4:18-024 (S.D. Ga. Jan. 29, 2018); *Jones v. Bobbit*, CV4:19-339 (S.D. Ga. Dec. 18, 2019).  Despite one of them being pending at the time this action was filed, he failed to disclose them when expressly directed to do so.  Doc. 1 at 11.  Efforts to deceive or conceal information from the Court are not tolerated and warrant the immediate dismissal of a complaint.[6]  *Johnson v. Chisolm*, 2011 WL 3319872 at *1 n. 3 (S.D. Ga.

---

[5] Petitioner is responsible for establishing the record of his claims.  If he believes that decisions of the state courts are relevant to the disposition of this matter, he must submit them for consideration.

[6] Furthermore, liars may be prosecuted. *See, United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *Morefield v. DuPree*, 2008 WL 5100926, at * 3 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where petitioner abused the judicial process by providing dishonest information about his prior filing history); *Gillilan v. Walker*, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (same). Therefore, the Court **RECOMMENDS** that the petition be **DISMISSED**.

## III.      Habeas Review

Even if Jones petition were not dismissed for his dishonesty, it is clear that he is not entitled to federal habeas relief.  Federal habeas petitions brought by state prisoners are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Ledford v. Warden, Georgia Diagnostic and Classification Prison*, 818 F.3d 600, 642 (11th Cir. 2016).  "The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Id*. (quoting *Greene v. Fisher*, 565 U.S. 34, 38 (2011)).  "[F]ederal review of final state court decisions under § 2254 is 'greatly circumscribed' and 'highly

deferential.'" *Id*. (quoting *Hill v. Humphrey*, 662 F.3d 1335, 1343 (11th Cir. 2011)). This is a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court," *Burt v. Titlow*, 571 U.S. 12, 19 (2013), as "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'" *Shinn v. Kayer*, __ U.S. __, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

The federal courts may only grant habeas relief to a prisoner convicted by the state courts where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Lee v. GDCP Wardem*, 987 F.3d 1007, 1017 (11th Cir. 2021) (quoting 28 U.S.C. § 2254(d)). As the Supreme Court has explained, a state court determination is "contrary to" federal law only where "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of

materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). "Unreasonable application" of federal law occurs only where "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 13.

This creates a "highly deferential standard for evaluating the state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)). The burden of proof falls to the petitioner in overcoming this high standard. *Id*.

As the Georgia Supreme Court did not provide reasoning in denying petitioner's application for certification of probable cause to appeal state habeas court's denial, this Court "looks through" to the "last state court to decide a prisoner's federal claim on the merits in a reasoned opinion." *Wilson v. Sellers*, ___ U.S. ___, 138 S.Ct. 1188, 1192 (2018). Accordingly, the Court's analysis will consider the determination on remand of the state habeas court.

## IV.     Ineffective Assistance of Counsel

Petitioner asserts that trial counsel was ineffective in in three ways:

(1) erroneously presenting his argument for standing to challenge the search warrant for Hamilton's apartment; (2) failing to request a directed verdict of acquittal on the charge of burglary; and (3) failing to interview Hamilton or to ask questions during her cross-examination that would have established his status as an invited guest in her apartment.  Doc. 1 at 5–9.  He also asserts that appellate counsel was ineffective in not establishing petitioner's standing to challenge the search of the apartment and duffle bag and instead focusing her litigation strategy on the misidentification. *Id*. 9–11.

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citations omitted).  Through *Strickland*, and its progeny, the Supreme Court has promulgated a two-prong test for analyzing claims of ineffective assistance of counsel.  To succeed on the claim, petitioner "must show that (1) 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different.'" *Raheem v. GDCP Warden*, 995 F.3d 895, 908 (11th Cir. 2021) (quoting *Strickland*, 466 U.S. at 694).   To succeed on an ineffective assistance claim, the petitioner must establish both prongs of the *Strickland* test.  *Id.*

Counsel's performance is entitled to a strong presumption of reasonableness.  *Strickland*, 466 U.S. at 689–90.  As the Eleventh Circuit has observed, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial.  Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Id.* at 689.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy.  We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992).  When considered under the also highly deferential standard of § 2254, the question for the Court is "not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Tuomi v. Sec'y, Florida Dep't of Corr.*, 980 F.3d 787, 795 (11th Cir. 2020), *cert. denied*, __ U.S. __, 141 S.

Ct. 1721 (2021).  It is not sufficient for a petitioner to "show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698–99 (2002).  "Rather, he must show that the [state habeas court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id*. at 699.

### A. Ineffective Assistance of Trial Counsel

Petitioner makes three contentions with regard to the alleged deficiencies in trial counsel's representation.  First, he asserts that trial counsel was ineffective in not offering evidence to establish petitioner's standing to challenge the search warrant and the evidence it produced. Doc. 1 at 5–6.  Second, he alleges that trial counsel's representation was inadequate as he failed to request a directed verdict on the charge of burglary.  *Id*. at 6–8.  Third, he contends that trial counsel's failure to interview and call to testify certain witnesses in support of his suppression motion was ineffective representation. *Id*. at 8–9.  Petitioner has failed to demonstrate that the state habeas court applied *Strickland* in an unreasonable way with regard to his first assert ground.  The remaining grounds are procedurally defaulted.

### 1.  Trial counsel's strategy in seeking to suppress evidence

### obtained during the residential search

Petitioner's first ground challenges trial counsel's handling of the issue of his standing in seeking to suppress evidence obtained during the search of Hamilton's residence. *Id*. at 5–6. Prior to trial, petitioner moved to suppress the social security card, magazine, and plastic bag obtained during the residential search, arguing that the warrant was facially invalid and the search exceeded its scope. *Smith*, 320 Ga. App. At 685. The trial court denied the motion. On appeal, petitioner asserted that he was an overnight guest at the residence had a reasonable expectation of privacy and, therefore, standing to challenge the search. *Id*. at 685–86. He alternatively argued that even if he lacked standing to challenge the validity of the warrant and the search of the residence, he did have standing to challenge the search of his bag. *Id*. at 686. The appellate court rejected both arguments. It specifically noted that no clothing or toiletries belonging to petitioner were found in the residence, Hamilton did not mention that petitioner was a guest, she did not observe the social security card or magazine on the morning of the robbery, and petitioner was not present in the residence at the time of the search—early in the morning of the day following the robbery. *Id*. at 685–86.

The state habeas court found that the petitioner's ineffective assistance of trial counsel argument was waived, as he did not raise it on direct appeal.  Doc. 9-4 at 4, n. 1.  Regardless, it still considered the merits of the argument.  In doing do, it correctly articulated and applied the *Strickland* standard, which has been adopted by the state of Georgia.  *Id*. at 5; *Smith v. Francis*, 253 Ga. 782 (1985) (adopting the test promulgated in *Strickland*).

The habeas court understood petitioner to have raised two arguments in regard to trial counsel's handling of the motion to suppress. First, petitioner argued that trial counsel failed to question police witnesses during the suppression hearing regarding whether the plastic bag for the badge holder was in plain-sight and whether the duffle bag was readily identifiable as belonging to him.  Doc. 9-4 at 5–6.  The habeas court noted inconsistencies between the testimony at the suppression hearing, which indicated that the duffle bag was open, and at trial, which indicated that the bag was closed but that the plastic bag for the badge holder sitting on top.  *Id*. at 6.  Regardless of the state of the bag, the search was permissible as potentially inculpatory evidence was in plain view—the plastic badge holder—and no evidence was presented to suggested that

duffle bag was readily identifiable as petitioners. *Id.*; *see United States v. Ouedrogo*, 824 F. App'x 714, 721–22 (11th Cir. 2020) (the seizure of a binder in a defendant's former hotel room was lawful under the plain-view doctrine where "an officer is lawfully located in a place from which the object can be plainly viewed, the officer has a lawful right to access the object, and the incriminating character of the object is immediately apparent." (internal quotations omitted)).  The court concluded that no additional or different questioning would have affected the validity of the search. *Id*.

Second, petitioner argued that trial counsel failed to allow him to testify in opposition to the motion to suppress. Doc. 9-4 at 6.  The habeas court concluded trial counsel made a reasonable strategic decision to not invite petitioner's testimony because he had provided multiple conflicting accounts of the events surrounding his presence in Hamilton's apartment. *Id*.  Petitioner argues that the attention given to the conflicting stories by the state habeas court was misplaced and that the analysis should have focused on whether a reasonable likelihood existed that the Court of Appeals' ruling on the motion to suppress would have been different if trial counsel had permitted him to testify before the trial court.  Doc. 12

at 23.

Petitioner is incorrect.  In applying *Strickland*, the state habeas court was required to consider whether the actions taken by trial counsel were of the type expected of a reasonable attorney.  *White*, 972 F.2d at 1220–21.  As the state habeas court noted, petitioner's failure to subpoena his former counsel precluded any meaningful insight into the reasoning of trial counsel's decision.  Doc. 9-4 at 6.  Though petitioner today asserts that his testimony would have established his status as an overnight guest with standing to challenge the search of Hamilton' apartment, the Court will not second guess trial counsel's judgment as to the reliability, predictability, and value of a witness' testimony.  *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978)[7] (Whether to call a witness is a question of trial strategy that the Court is reluctant to second guess on habeas review because "allegations of what a witness would have testified are largely speculative.").

Furthermore, the habeas court also noted that even if petitioner's stories were not inconsistent, there was sufficient evidence to establish

---

[7] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

that he was not an overnight guest in the home, including the testimony evidencing that neither the homeowner nor police were aware that he was staying in the apartment; a lack of identifiable information on the gym bag; a lack of items expected for an overnight guest; and petitioner's own claim that he was not in Savannah.  Doc. 9-4 at 7.  Petitioner argues these facts were "erroneous and based on factual misrepresentations."  Doc. 12 at 24.  The only substantive argument offered in support of this contention is that Hamilton was asked only a few questions during the hearing regarding her knowledge of the collected evidence and that prosecutors were unclear in their questioning, referring to both defendants as "Jones." *Id* at 23–27.   Plaintiff does not address the other evidence cited to demonstrate that he was not an overnight guest, including his own admission that he was not in Savannah at the time of the search.

"Given the uncertainty of petitioner's testimony, the risks involved with petitioner being on the stand, and the likely outcome that petitioner still did not have standing" the state habeas court found that trial counsel was not ineffective in addressing petitioner's standing to seek suppression of evidence obtained during the apartment search.  Doc. 9-4 at 7.  This was a reasonable conclusion as petitioner's diverging versions of events given

in his motion to reopen evidence and during his second habeas corpus hearing support the conclusion that he was an unreliable and unpredictable witness.   Furthermore, even if he testified to the less incriminating version of events, there existed conflicting evidence, such as the absence of any indication by Hamilton or his co-defendant that he was an overnight guest and the lack of any personal belongings that would be expected of an overnight guest.   Finally, even giving petitioner the benefit of the doubt, it appears that the search was lawful as the bag was either not readily identifiable as his property or under the plain-view doctrine.   Therefore, as the state habeas court's application of *Strickland*  was not objectively unreasonable, petitioner's first ground fails.   *See White v. Woodall*, 572 U.S. 415, 419 (2014) (the "unreasonable application" of clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citations and quotations omitted).

### 2. Remaining ineffective assistance of trial counsel claims

Petitioner's remaining ineffective assistance of trial counsel grounds are procedurally barred.   The instant habeas petition asserts that trial counsel was ineffective because he failed to request a directed verdict on

the charge of burglary and failed to interview and cross-examine Hamilton in order to establish his status as an overnight guest and standing to challenge the search.  Doc. 1 at 6–9.  Before the state court, petitioner raised three arguments in support of his ineffective assistance of trial counsel claim: "(1) trial counsel failed to pursue meritorious lines of questioning at the pre-trial suppression hearing; (2) trial counsel failed to put the petitioner on the stand to establish standing to challenge the search warrant; and (3) trial counsel failed to properly present the claim to sever the trial."  Doc. 9-4 at 2.  As his remaining ineffective assistance of trial counsel claims were not previously presented to the state habeas court, they cannot be raised for the first time on § 2254 review.

Under the AEDPA, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  "In other words, the

state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Turner v. Crosby*, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008).

An issue that petitioner failed to properly present to the state habeas court and which can no longer be litigated under state procedural rules is procedurally barred from federal review. *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999). Under Georgia law:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51. A state prisoner must present all of their available grounds for relief in a single habeas petition. Any argument not brought at that time is deemed waived and cannot be brought later.

Petitioner has offered no argument to excuse his failure to raise

before the state habeas court his argument that trial counsel was deficient in not interviewing or cross-examining Hamilton. He has asserted that his claim regarding trial counsel's failure to request a directed verdict is not procedurally defaulted because it is sufficiently egregious plain error and is not asserted as an independent ground for relief, but rather as an element to bolster a larger claim of trial counsel's ineffectiveness. Doc. 12 at 27–34. In support of this position, he has offered a series of legal quotations with minimal context or explanation. *Id*. at 27–29. None of the provided sources support the notion that petitioner's failure to raise an argument before the state habeas courts can be excused merely because the alleged error is readily apparent. To the contrary, if the claim was facially apparent, there is no reason for the Court to conclude the petitioner was unaware of the issue or precluded from raising it when he filed his initial state habeas petition. Furthermore, he cannot attempt to now recharacterize what was raised as an independent ground for relief in this habeas petition in order to avoid his procedural deficiencies.

The Eleventh Circuit has held that federal district courts are obligated to recognize and enforce state procedural bars. *Chambers*, 150 F.3d 1326–27. Petitioner failed to exhaust his available state remedies as

they relate to his claims that trial counsel was ineffective in not requesting a directed verdict on his burglary charge and in not interviewing and calling additional witnesses in his suppression hearing.  As he is precluded by Georgia state law from raising these arguments in the future, he is procedurally barred from doing so before the federal courts now.  He has not demonstrated that he is entitled to an exception to the procedural bar.  Therefore, the claims are precluded from habeas relief and should be denied with prejudice.

### B. Ineffective Assistance of Appellate Counsel

Petitioner argues that appellate counsel was ineffective in arguing that he had standing to challenge the search of Hamilton's apartment and the duffle bag.  Doc. 1 at 9–11.  This argument was considered by the state habeas court, which concluded that, as it determined petitioner's standing arguments to be meritless, counsel was not deficient in choosing not to press the issue.  Doc. 9-4 at 10.

Under *Strickland*, counsel is deemed ineffective only if their representation fell below an objectively reasonable standard and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Raheem*, 995 F.3d at

908 (quoting *Strickland*, 466 U.S. at 694).  On appeal, petitioner's counsel did challenge the search and seizure of the apartment and the duffel bag. *Jones v. State*, 320 Ga. App. at 685–86.  The appellate court found that he lacked standing to challenge either search.  *Id*.

Appellate counsel is not obligated to raise non-meritorious arguments.  Concluding that petitioner lacked standing to challenge the searches, the habeas court found that appellate counsel's focus on other arguments was not ineffective.  Furthermore, petitioner has not demonstrated how the appellate court's determination regarding his standing would have been impacted by a different litigation strategy. Therefore, the state habeas court's finding that appellate counsel was not deficient was not unreasonable.

## CONCLUSION

Accordingly, as petitioner failed to disclose his prior habeas cases, the Court **RECOMMENDS** that this petition be **DISMISSED**.  The Court, alternatively, **RECOMMENDS** that the petition be **DISMISSED** as he has not carried his burden of demonstrating that the state habeas court's denial of this ineffective assistance of counsel claims was objectionably unreasonable.  Applying the Certificate of Appealability

(COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at
* 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at
this stage of the litigation, so no COA should issue either.  28 U.S.C. §
2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings
for the United States District Courts ("The district court must issue or
deny a certificate of appealability when it enters a final order adverse to
the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district
judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this
Court's Local Rule 72.3.  Within 14 days of service, any party may file
written objections to this R&R with the Court and serve a copy on all
parties.  The document should be captioned "Objections to Magistrate
Judge's Report and Recommendations."  Any request for additional time
to file objections should be filed with the Clerk for consideration by the
assigned district judge.

After the objections period has ended, the Clerk shall submit this
R&R together with any objections to the assigned district judge.  The
district judge will review the magistrate judge's findings and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

     **SO ORDERED AND REPORTED AND RECOMMENDED**, this 2nd day of September, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA